UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

ASHLEY HYER, for herself and on behalf of those similarly situated,

    Plaintiff,

vs.

SALT STEAKHOUSE LLC, and
DAVID MIZRAHI, Individually,

    Defendants.

                                 /

CASE NO.:

**Class/Collective Action Demand**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY HYER, ("Plaintiff"), for herself and on behalf of those similarly situated, hereby files this Complaint against Defendants, SALT STEAKHOUSE LLC, a New Jersey Limited Liability Company ("Salt Steakhouse"), and DAVID MIZRAHI, Individually ("Mizrahi") (collectively "Defendants"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL") (collectively, "NJWHL/NJWPL") to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's NJWHL/NJWPL claim pursuant to 28 U.S.C. § 1367(a), because Plaintiff's NJWHL/NJWPL claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as the FLSA claim.

4. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## INTRODUCTION

5. The Defendants in this case violated the FLSA by failing to pay Plaintiff and other similarly situated servers the legally-mandated minimum wage and overtime compensation for all hours/weeks worked.

6. Similarly, Defendants' conduct violates the NJWPL and the NJWHL, which require non-exempt employees, such as Plaintiffs, to be compensated at a rate of at least the applicable New Jersey minimum wage for all hours/weeks worked, and require that non-exempt employees be paid time and a half for all overtime hours worked.

7. This action is intended to include each and every hourly-paid server who worked for Defendants at any time within the six (6) years immediately preceding this Complaint through the date of Judgment in this case.

## PARTIES

8. At all times material to this action, Plaintiff was, and continues to be, a resident of Middlesex County, New Jersey.

9. At all times material to this action, Defendant, Salt Steakhouse, was and continues to be a New Jersey Limited Liability Company.

10. Further, at all times material to this action, Defendant, Salt Steakhouse, was, and continues to be, engaged in business in New Jersey, doing business, in Monmouth County, New Jersey.

11. Defendant, Salt Steakhouse, is currently listed with the New Jersey Department of State, Division of Revenue and Enterprises, as an "Active" business, at 15 Morris Avenue, Long Branch, New Jersey 07740 as its principal address. *See* Corporation search result attached hereto as **EXHIBIT 1**.

12. At all times material hereto, Defendant Mizrahi was and continues to be a resident of Monmouth County, New Jersey.

13. At all times material hereto, Defendant Mizrahi was, and continues to be, registered owner/agent/president/director of Salt Steakhouse.

14. At all times material hereto, Defendant Mizrahi managed the day-to-day operations of Salt Steakhouse and regularly exercised the authority to: (a) hire and fire employees of Salt Steakhouse; (b) determine the work schedules for the employees of Salt Steakhouse; and (c) control the finances and operations of Salt Steakhouse.

15. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of Salt Steakhouse; (b) determine the work schedules for the employees of Salt Steakhouse; and (c) control the finances and operations of Salt Steakhouse, Mizrahi is an employer as defined by 29 U.S.C. 201 *et. seq.*

16. Further, at all times material hereto, Mizrahi was, and continues to be, the Owner of Salt Steakhouse, acting in Salt Steakhouses' interest in directing the work of Plaintiff and other servers.

17. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and the NJWHL/NJWPL.

18. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA and the NJWHL/NJWPL.

19. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

20. The NJWHL defines the term employer to include "any individual, partnership, association, corporation, and the State and any county, municipality, or school district in the State, or any agency, authority, department, bureau, or instrumentality thereof, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." N.J.S.A. 34:11-56a1(g).

21. Defendants is/are a covered employer as defined by N.J.S.A. 34:11-56a1(g).

22. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Defendant, Salt Steakhouse, was in excess of $500,000.00 per annum in each of the three years preceding the filing of the Complaint in this action.

24. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as cash registers, telephones, plates, kitchen equipment, utensils, and imported beer, food and wine, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

25. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

26. On or around May 1, 2023, Defendants hired Plaintiff, Ashley Hyer, to work as an hourly paid server at its Long Branch, New Jersey location.

27. At all times relevant to her employment, Plaintiff was a non-exempt employee entitled to minimum wage and overtime compensation under the FLSA and the NJWHL/NJWPL.

28. Plaintiff's job duties, like the other tipped service staff, included, but were not limited to, serving food and drinks to customers.

29. Plaintiff was paid pursuant to the FLSA and NJWHL/NJWPL "tip credit" method per hour in exchange for work performed.

30. Defendants did not allow Plaintiff to retain all of her tips.

31. Defendants retained a portion of Plaintiff's earned tips, as well as the earned tips of all of the other similarly situated servers who worked for Salt Steakhouse.

32. These tips were the property of, and should have been retained by, Plaintiff and her fellow servers.

33. Throughout Plaintiff's employment period, Defendants maintained a mandatory tip-pooling arrangement that unlawfully distributed a percentage of Plaintiff's earned tips to management employees, including a "floor manager" and "general manager," without ever distributing those monies to other tipped employees who were purportedly supposed to be the recipients of any pooled tips from Defendants' mandatory tip pool.

34. On at least one occasion in the last three years Defendants represented that a portion of tips was allocated to a "maître d'," despite having no employee with such job title.

35. Throughout Plaintiff's employment period, Defendants failed to account for approximately two percent (2%) of all tips collected from Plaintiff and other similarly

situated servers, representing an unlawful withholding of earned tips.

36. Due to the Defendants' improper taking and distribution of tips, Plaintiff did not receive all tips earned, in violation of both the FLSA and the NJWHL/NJWPL, which require that all tips remain the sole property of the employee who earned them.

37. Upon information and belief, these policies and requirements regarding Defendants' retention of tips applied equally to all similarly situated servers.

38. By virtue of Defendants' retention of a portion of its server employees' tips, and re-distribution of other portions to management, Defendants were not entitled to take a tip credit.

39. Rather, Defendants were/are required to pay Plaintiff and other similarly situated servers, the full, regular minimum wage.

40. Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit and use of tip pools, cannot use the tip credit provisions and therefore must pay the tipped employee at least the full minimum wage, and allow the tipped employee to keep all tips received.

41. Defendants did not provide Plaintiff or their other servers the notice required by Section 203(m) of the FLSA, also required by the NJWHL/NJWPL.

42. Due to their improper appropriation of servers' tips to Defendants, and failure to provide the notice required by Section 203(m), Defendants were not entitled to take any tip credit, and failed to pay Plaintiff and the other tipped employees similarly situated to Plaintiff at least the applicable minimum wage.

43. Due to Defendants' practices, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

44. Plaintiff and those similarly situated were/are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

45. Plaintiff and those similarly situated were/are entitled to the New Jersey minimum wage pursuant to NJWHL/NJWPL.

46. Defendants have a common pay policy and/or pay practice which violates the FLSA's minimum wage FLSA and NJWHL/NJWPL tip credit provisions and therefore fail to pay certain hourly employees at least the statutory minimum wage for all hours worked per week as a result of:

   a. Failing to provide the notice required by Section 203(m);
   b. Requiring their servers to share tips with Defendants; and
   c. Failing to pay even the lowest lawful tipped minimum wage, regardless of any improper tip sharing or failure to provide notice of the tip credit.

47. Because Defendants took a tip credit without proper notice, and retained tips for unlawful purposes, Defendants are not permitted to claim the tip credit, and must re-pay Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tip credit claimed.

48. Because Defendants engaged in a mandatory tip pool in which monies were distributed to individuals other than tipped employees, Defendants must disgorge to Plaintiff, and those similarly situated opt-in Plaintiffs who join this action by filing consents to join, the amount of any tips withheld from distribution to tipped employees.

49. Due to the Defendants' unlawful practices described herein, Plaintiff and those similarly situated did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

50. Defendants also maintained unlawful policies and practices pursuant to which they failed to pay servers proper overtime premiums.

51. Defendants failed to pay proper overtime premiums to servers, even when paying them for over forty hours per week.

52. In various workweeks in the three years preceding the filing of this Complaint, Plaintiff and those similarly situated worked for Defendants in excess of forty (40) hours within a workweek.

53. Defendants failed to compensate Plaintiff or those similarly situated at one and one-half times the minimum allowable rate of hourly pay for their overtime hours, or at time and one-half of any other amount that is determined to be the "regular rate of pay."

54. Due to the policies and practices described above, during the three years preceding the filing of this Complaint, Defendants failed to compensate Plaintiff and those similarly situated at a rate of one and one-half their regular rate of pay, or even at the minimum allowed overtime rate of pay, for all hours worked in excess of forty (40) hours in a single workweek.

55. Plaintiff and those similarly situated who worked for Defendants in the three years prior to the commencement of this lawsuit should be compensated at the rate of one and one-half their regular rate of pay for those hours that they worked in excess of forty (40) hours per workweek, which must, at a minimum, be one and a half times the lowest lawful minimum wage, as required by the FLSA.

56. Defendants have violated the NJWHL/NJWPL and Title 29 U.S.C. §203, and §206, during the six years preceding the filing of the Complaint in this matter (only three of which are covered by the FLSA's statute of limitations, but all of which are covered by the NJWHL/NJWPL's statute of limitations), in that:

    a. Defendants have failed to pay Plaintiff and those similarly situated proper minimum wage for all of the hours worked for Defendants as required by the FLSA and NJWHL/NJWPL;

   b. Defendants unlawfully retained tips that were the property of Plaintiff and those similarly situated; and

   c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at a rate equal to the applicable minimum wage, for all hours worked.

57. Defendants have violated Title 29 U.S.C. §207 during the three years preceding the filing of this Complaint, in that:

   a. Plaintiff and those similarly situated worked in excess of forty (40) hours per workweek during their employment with Defendants; and

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated at the statutory rate of one and one-half their regular rates of pay for all hours worked in excess of forty (40) hours per workweek as provided by the FLSA, which rate must, at a minimum, be no less than one and one-half times the lowest lawful minimum wage.

58. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage and overtime compensation with respect to Plaintiff and those similarly situated, as Defendants knew or with reasonable diligence should have known that Plaintiff and other servers should be paid at least the minimum wage for all hours worked; and that these employees were entitled to be paid for all of their overtime hours at an overtime rate, such that they did not qualify Defendants for any exemption to the FLSA's requirement to pay overtime premiums.

59. Defendants' failure to pay proper overtime was knowing or in reckless disregard of the law.

60. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA or the NJWHL/NJWPL.

61. The additional persons who may join this action are those similarly situated to Plaintiff, who were also not paid appropriate minimum and overtime wages due to the Defendants' policies and practices described above.

9

## COLLECTIVE/CLASS ACTION ALLEGATIONS

62. Plaintiff and the putative collective class members are all servers in Defendants' location at 15 Morris Avenue, Long Branch, New Jersey 07740, and performed the same or similar job duties as one another in that they provided food and beverage services to Defendants' patrons.

63. Plaintiff and the putative collective class members were subjected to the same pay provisions in that they were all paid a wage lower than the lowest lawful tipped minimum wage, did not receive proper notice of Defendants' intention to claim a tip credit, and were subject to unlawful sharing of a mandatory tip pool.

   a. Plaintiff and other servers were required to participate in a mandatory tip pool which was unlawfully shared with management and diverted to the business itself;
   b. Plaintiff and other servers were not provided with proper notice of Defendants' intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m); and
   c. Plaintiff and other servers were not paid proper overtime premiums for their overtime hours.

64. Defendants' uniform method of payment to Plaintiff and the putative collective members resulted in a violation of the FLSA tip credit provisions and a failure to pay Plaintiff and the putative collective members the required minimum and overtime wages due.

65. These policies and practices were applicable to Plaintiff and the putative collective members.

66. Accordingly, the putative collective members are properly defined as:

   **All "Servers" who worked for Defendants at Salt Steakhouse, 15 Morris Avenue, Long Branch, New Jersey 07740, at any time from April 16, 2022, to the present.**

67. Similarly, the proposed class is properly defined as:

**All "Servers" who worked for Defendant at Salt Steakhouse, 15 Morris Avenue, Long Branch, New Jersey 07740, at any time from April 16, 2019, to the present.**

68. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay minimum and/or overtime wages with respect to Plaintiff and the putative collective members.

69. Upon information and belief within the applicable statute of limitations, other individuals were subject to the patterns, practices, and policies described herein, which violate the FLSA and the NJWHL/NJWPL.

70. Upon information and belief within the applicable statute of limitations, other individuals who worked with Plaintiff or in a similar position as Plaintiff were paid in the same manner, performed similar work as described above, and were not properly compensated for all hours worked as required by state and federal wage laws.

71. Upon information and belief, Defendants have employed persons as servers within the six years preceding the date of the initial Complaint to the present.

72. Upon information and belief, Defendants have paid persons employed as servers the tipped minimum wage as a form of direct compensation for their hours worked in the six years preceding the date of the initial Complaint to the present.

73. Defendants' failure to pay wages and overtime compensation at the rates required by the FLSA and NJWHL/NJWPL are the product of generally applicable, systematic policies, and practices which are not dependent on the circumstances of each individual employee.

74. Because they were subject to common policies and practices while performing similar work, Plaintiff's experiences, and the violations to which they were subject are typical of those experienced by others in the proposed class.

75. The specific job titles of those in the proposed class do not prevent class or collective treatment, because they performed similar work and were subject to the same unlawful practices and policies.

76. Plaintiff has no interests contrary to, or in conflict with, the proposed class he seeks to represent. Rather, Plaintiff has an interest in obtaining all monies owed under the FLSA and NJWHL/NJWPL.

77. A class and collective action, such as the instant one, is superior to other available means to achieve efficient and fair resolution of this action.

78. Absent this litigation, those Plaintiff seeks to represent likely will not obtain any remedy for their injuries, and Defendants will receive improper benefit, even though they have engaged in systematic and egregious violation of the FLSA and NJWHL/NJWPL.

79. Furthermore, even in the event that other servers sought to litigate this matter, such duplicative litigation would be inefficient and would pose an undue burden to the already strained resources of this Court and/or a New Jersey state court.

80. Litigating this matter as a class action promotes judicial economy and efficiency.

81. Questions of law and fact common to those Plaintiffs seek to represent predominate over any questions affecting only particular individuals. Such common questions of law and fact include, but are not limited to:

   a. Whether Defendants employed Plaintiff and the proposed class within the meaning of the FLSA and the NJWHL/NJWPL;
   b. Whether Plaintiff and the proposed class received proper notice related to the tip credit;
   c. Whether Plaintiff and the proposed class were improperly denied minimum wage compensation;
   d. Whether tips that all proposed class members put into a shared tup pool were improperly shared; and
   e. Whether the violation of the FLSA and the NJWHL/NJWPL was willful.

82. Plaintiff's claims are typical of the claims of those she seeks to represent. Plaintiff and the proposed class were uniformly damaged by Defendants' unlawful policies, which were equally applicable to Plaintiff and the proposed class.

83. There are no litigation management issues which preclude or hinder the ability of this matter to proceed as a class action.

84. While the amount of damages may vary to some degree between members of the class, the facts establishing liability are common. Moreover, calculations as to damages will be largely a matter of mathematical calculation once each class member's work hours and contributions to the tip pool are known. Therefore, this issue does not affect the ability of this matter to proceed as a class action.

## COUNT I
## RECOVERY OF MINIMUM WAGES
## (FLSA)

85. Plaintiff realleges Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

86. Plaintiff, and those similarly situated, were/are entitled to be paid the applicable minimum wage for each hour worked during their employment with Defendants.

87. In the three years preceding the filing of the Complaint in this action, Defendants failed to pay Plaintiff, and those similarly situated, the applicable minimum wage for each hour worked for Defendants.

88. Defendants failed to provide proper notice of their intent to claim the tip credit or regarding requirements for the tip pool, as required by 29 U.S.C. §203(m).

89. Defendants shared tips from a mandatory tip pool with non-tipped employees, in violation of the FLSA.

90. Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the full minimum wage for each hour worked during their employment.

91. Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

92. Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

93. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same unlawful policies and practices described above to which Plaintiff was subject.

94. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages, as well as payments of tip monies to non-tipped employees, for one or more weeks of work with Defendants.

95. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them, in addition to disgorgement of tips unlawfully distributed.

96. Defendants knew or reasonably should have known their conduct violated the FLSA.

97. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES UNDER NJWHL/NJWPL

98. Plaintiff realleges Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

99. Plaintiff and those similarly situated are/were entitled to be paid at least New Jersey minimum wage for each hour/week worked during employment with Defendants.

100. Specifically, Plaintiff and those similarly situated were not paid the proper minimum wage, as required by NJWHL/NJWPL.

101. Defendants willfully failed to pay Plaintiff and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to NJWHL/NJWPL.

102. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

103. Plaintiff and those similarly situated are entitled to an award of damages in an amount equal to the relevant New Jersey Minimum Wage, and liquidated damages in an amount equal to 200% of their unpaid wages as well.

104. Plaintiff and those similarly situated are entitled to an award of reasonable attorneys' fees and costs, pursuant to NJWHL/NJWPL.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION
## (FLSA)

105. Plaintiff realleges Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

106. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other servers worked hours in excess of forty (40) hours

15

for which Plaintiff and other servers were not compensated at the statutory rate of one and one-half the applicable minimum wage.

107. Plaintiff and other servers were and are entitled to be paid at the statutory rate of one and one-half the applicable minimum wage for all hours worked in excess of forty (40) hours in a workweek.

108. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and other servers at the statutory rate of one and one-half times their lowest lawful rate of pay for all hours in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is due.

109. During the three years preceding the filing of the Complaint in this matter, other servers were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff proper overtime wages at one and one-half his regular rate of pay for such hours, pursuant to a policies, plans, and practices which were equally applicable to all servers.

110. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

111. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in one or more workweeks, plus liquidated damages.

112. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

113. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect

to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally failed to maintain required payroll records for their servers, and failure to post adequate notices in compliance with the FLSA.

### COUNT IV RECOVERY OF OVERTIME COMPENSATION
### (NJWHL)

114. Plaintiff realleges Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

115. Plaintiffs and those similarly situated employees, are/were entitled to be paid overtime premiums when they worked in excess of forty (40) hours per week.

116. Plaintiffs, and those similarly situated employees, were not paid the proper overtime premiums, as required by NJWHL, when they worked in excess of forty (40) hours per week.

117. Defendant willfully failed to pay Plaintiffs, and those similarly situated employees, overtime wages for one or more weeks during Plaintiffs' employment contrary to NJWHL and NJWPL.

118. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs, and those similarly situated employees, have been damaged in the loss of overtime wages for one or more weeks of work with Defendant.

119. Plaintiffs are entitled to an award of damages in an amount equal to the difference between the pay earned and the amounts they were paid by Defendant, and liquidated damages in an amount equal to 200% of their unpaid wages as well, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs, pursuant to NJWHL and NJWPL.

### COUNT V – TIP DISGORGEMENT UNDER THE FLSA

120. Plaintiff realleges Paragraphs 1 through 85 of the Complaint as if fully set

forth herein.

121. On March 23, 2018, Congress enacted, and the President signed into law, the Consolidated Appropriations Act, 2018, PL 115-141, March 23, 2018, 132 Stat. 348.

122. Title XII, Section 1201 of the Consolidated Appropriations Act entitled "Tipped Employees" amended the FLSA to expressly create an employee's private right of action for any tips unlawfully withheld by an employer.

123. Pursuant to 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

124. During the relevant time period (last three years), Defendants improperly retained the tips earned by Plaintiff.

125. During the relevant time period (last three years), Plaintiff is entitled to an award of damages in an amount equal to the total amount of tips that were improperly withheld from him, plus an equal amount as liquidated damages.

126. Plaintiff is also entitled to an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, for herself and on behalf of those similarly situated, request a judgment entered in their favor and against Defendants for actual and liquidated damages, including minimum wages, overtime wages and the return of their tips; a declaration that Defendants' conduct violated the FLSA and NJWHL/NJWPL; all unpaid wages at the New Jersey mandated minimum wage rate; an amount equal to 200% of all owed wages and overtime wage as liquidated damages as allowed under NJWHL and NJWPL; an order conditionally certifying this action as a collective action, and authorizing

Notice to issue to those similarly situated, informing them of their right to join this litigation; as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated this 16th day of April, 2025.

                Respectfully submitted,

                */s/ Andrew R. Frisch*
                Andrew R. Frisch
                NJ Bar No. 038452000

                MORGAN & MORGAN, P.A.
                8151 Peters Road, Suite 4000
                Plantation, FL 33324
                Tel: (954) WORKERS
                Fax: (954) 327-3013
                E-mail: afrisch@forthepeople.com

                *Attorney for Plaintiff and Class/Collective*