**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ASHLEY HYER,<br>Plaintiff,<br>v.<br>SALT STEAKHOUSE LLC, *et al.*,<br>Defendants. | Civil Action No. 25-02764 (GC) (TJB)<br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendants Salt Steakhouse LLC and David Mizrahi's Motion to Dismiss Plaintiff Ashley Hyer's putative class action Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 9.) Plaintiff opposed, and Defendants replied. (ECF Nos. 15, 17.)[1] Upon review of the initial filings, the Court converted the Motion to Dismiss into a Motion for Summary Judgment and provided the parties with an opportunity to submit additional materials for the Court's consideration. (ECF No. 18.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument

[1] In response to Defendants' Motion to Dismiss, Plaintiff filed an opposition brief followed by an amended opposition brief, the latter of which was filed without leave of Court. (*See* ECF Nos. 14, 15.) Defendants have not moved to strike the amended opposition brief, and Defendants address it in their reply. Therefore, the Court considers the Amended Memorandum for the purpose of deciding this Motion. *See Colley v. SEPTA*, Civ. No. 20-5794, 2023 WL 3224971, at *1 n.2 (D.N.J. May 3, 2023) (recognizing amended opposition brief as the operative opposition brief); *cf. Washington v. Prime Lending*, Civ. No. 25-2091, 2025 WL 3043522, at *1 n.1 (D.N.J. Oct. 31, 2025) (considering amended reply brief after the defendant filed a reply brief and an amended reply brief).

pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion (ECF No. 9) is **GRANTED.**

## I. BACKGROUND

Defendant David Mizrahi owns Salt Steakhouse, a restaurant in Long Branch, New Jersey.[2] (ECF No. 19 ¶¶ 2-3; ECF No. 22 ¶¶ 2-3.) He states that he manages the day-to-day operations, including hiring and firing employees, determining employee work schedules, and otherwise controlling the restaurant's finances and operations. (ECF No. 1 ¶ 14.) Plaintiff Ashley Hyer worked for Salt Steakhouse as an hourly and tipped server from May 8, 2023 through April 6, 2024. (ECF No. 19 ¶ 1; ECF No. 22 ¶ 1.) Defendants state Plaintiff's responsibilities included, among other duties, serving food and drinks to customers. (ECF No. 1 ¶ 28.)

Plaintiff asserts that Defendants improperly paid her and other employees over the course of Plaintiff's employment. Plaintiff first pursued her concerns through an action before the New Jersey Department of Labor (NJDOL) (the NJDOL Action). (ECF No. 15-2 ¶ 2.) *See also Hyer v. David Mizrahi and Salt Steakhouse*, WC-1973-0824-HUM (N.J. Super. Ct.). In a complaint filed on August 4, 2024 (the NJDOL Complaint), Plaintiff sought $494.64 in unpaid sick time. (ECF No. 19 ¶¶ 4-5; ECF No. 22 ¶¶ 4-5; ECF No. 9-5 at 5.)[3] On October 30, 2024, Plaintiff

---

[2] On a motion for summary judgment, the Court "draw[s] all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party." *Jaffal v. Dir. Newark N.J. Field Off. Immigr. & Customs Enf't*, 23 F.4th 275, 281 (3d Cir. 2022) (quoting *Bryan v. United States*, 913 F.3d 356, 361 n.10 (3d Cir. 2019)). The parties set forth factual assertions in Statements of Undisputed Material Facts. Plaintiff's Statement of Undisputed Material Facts is at ECF No. 19, and Defendants' Statement of Disputed Material Facts and Additional Facts to Which There Is No Dispute is at ECF No. 22. Defendants' Response to Plaintiff's Additional Facts is at ECF No. 24. Unless otherwise noted, the relevant facts are undisputed or supported by record evidence.

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties. However, references to page numbers of transcripts refer to the internal transcript page numbers, not the Court's e-filing system.

emailed the NJDOL with an amendment; in addition to sick pay, Plaintiff also sought to recover $425.78 in unpaid overtime and $1,391.95 in unpaid tips. (ECF No. 19 ¶ 9; ECF No. 22 ¶ 9; ECF No. 9-5 at 7.) The unpaid sick time, overtime, and tips totaled $2,312.38 in purportedly unpaid wages. (ECF No. 19 ¶ 9; ECF No. 22 ¶ 9; ECF No. 9-5 at 2, 7.)

A wage claim hearing was held in the NJDOL Action on March 27, 2025. (ECF No. 19 ¶ 11; ECF No. 22 ¶ 11; *see also* ECF No. 9-7 at 2.) Plaintiff appeared *pro se*; Defendants were represented by counsel. (ECF No. 19 ¶ 12; ECF No. 22 ¶ 12; ECF No. 15-3 at 5:17-6:7.) During the hearing, Plaintiff told the wage referee that she "was advised to only pursue overtime and sick pay at this time," which totaled $1,105.70. (ECF No. 15-3 at 6:8-7:10.) While Defendants expressed willingness to settle at the hearing, (*id.* at 9:5-18, 12:5-7), Plaintiff declined, in part because an attorney had advised her to "not sign any confidentiality agreement or to . . . accept a settlement," (*id.* at 15:11-16:7). The wage referee heard testimony from Plaintiff and Mizrahi and evidence was presented by both parties. (*See generally id.* at 15-27, 47-57.) At the conclusion of the hearing, the wage referee determined that Plaintiff's overtime pay was subject to tip credits, thereby awarding Plaintiff $118.65 in unpaid overtime and that Plaintiff's unpaid sick time was actually time paid while Plaintiff was suspended, which totaled $120.00. (*Id.* at 62:23-65:20.) In total, Plaintiff was awarded $238.65 plus $25 in liquidated damages (the Award). (*Id.* at 64:3-12; *see also* ECF No. 9-7.) Defendants paid the Award to Plaintiff, and no appeal was filed. (ECF No. 19 ¶¶ 28-29; ECF No. 22 ¶¶ 28-29, 38; ECF No. 24 ¶ 38.)

On April 16, 2025, Plaintiff filed this action. (ECF No. 1.) Brought on behalf of Plaintiff and other similarly situated servers, Plaintiff's Complaint alleges that Defendants unlawfully withheld tips thereby failing to pay minimum wage and overtime pay. (*Id.* ¶¶ 5, 42-43, 50-54.) Plaintiff asserts five causes of action under the Fair Labor Standards Act (FLSA), the New Jersey

Wage and Hour Law (NJWHL), and the New Jersey Wage Payment Law (NJWPL) (the NJWHL and the NJWPL, collectively, the New Jersey Wage Laws). (*Id.* ¶¶ 85-126.) Counts I and II seek recovery of minimum wages under the FLSA and the New Jersey Wage Laws, respectively. (*Id.* ¶¶ 85-104.) Counts III and IV seek recovery of overtime compensation under the FLSA and the NJWHL, respectively. (*Id.* ¶¶ 105-19.) Count V seeks tip disgorgement under the FLSA. (*Id.* ¶¶ 120-26.)

On August 22, 2025, Defendants filed a Motion to Dismiss. (ECF No. 9.) Upon review of that Motion, the Court determined that the Motion and its exhibits raised matters outside of the pleadings, and the Court converted the Motion to Dismiss to a Motion for Summary Judgment as permitted under Rule 12(d). (ECF No. 18 (citing *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) ("We acknowledge that res judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint.' If not apparent, the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material.")).) The Court provided the parties with an opportunity to submit additional material for the Court's consideration, (*id.*), and the Motion is now ripe for decision.

## II. LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* When deciding the existence of a genuine dispute of material fact, the Court must determine

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The Court must grant summary judgment if any party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see also Roofer's Pension Fund v. Papa*, 687 F. Supp. 3d 604, 616 (D.N.J. 2023) ("In the face of a properly supported summary judgment motion, the nonmovant's burden is rigorous: the party 'must point to concrete evidence in the record'—mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment." (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995))). "[I]nferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983).

## III. <u>DISCUSSION</u>

### A. *Counts III and IV*

At the outset, Plaintiff concedes that her claim for overtime pay pursuant to the NJWHL is moot, because she litigated and won that claim in the NJDOL Action. (ECF No. 15 at 1 n.1.) As such, Count IV is dismissed with prejudice. And because a plaintiff "cannot recover under both the FLSA and [the] NJWHL, since recovery under the NJWHL would duplicate recovery under the FLSA," the Court also dismisses Count III with prejudice. *Nieves v. Top Notch Granite & Marble LLC*, Civ. No. 10-1589, 2011 WL 2937352, at *3 (D.N.J. July 19, 2011); *see also Lurty v. 2001 Towing & Recovery, Inc.*, Civ. No. 18-6302, 2019 WL 3297473, at *5 n.6 (D.N.J. July 23, 2019) (collecting cases concluding that a plaintiff may not recover damages under both the FLSA and the NJWHL).

### B. *Res Judicata*

Defendants argue that Plaintiffs' remaining claims are barred by the doctrine of *res judicata*—specifically, claim preclusion—because they were already adjudicated in the NJDOL Action. (ECF No. 9-2 at 8-12.) Plaintiffs respond that their federal claims could not have been litigated before the NJDOL and thus could not have been precluded by the NJDOL Action; the NJDOL Action was an informal process that, according to Plaintiffs, is not due deference for claim preclusion purposes; and, in any case, the elements of *res judicata* are not met. (ECF No. 15 at 6-13.)

"Res judicata includes the legal concepts of claim preclusion and issue preclusion. Claim preclusion prevents the relitigation of identical cases, whereas issue preclusion prevents the relitigation of discrete issues." *Sec'y of U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 94 (3d Cir. 2017) (citation omitted). Claim preclusion, which is at issue in this case,[4] "bars a party from asserting claims that were brought, or could have been brought, in a previous action." *Vaccaro v. Unique Scaffolding Sys.*, Civ. No. 21-16657, 2022 WL 1284721, at *2 (D.N.J. Apr. 29, 2022) (citation omitted). This "insulat[es] courts from the relitigation of claims." *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 597 (N.J. 1991). The doctrine "serves the purposes of finality and repose, the prevention of needless litigation, the reduction of unnecessary burdens of

[4] "Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 173-74 (3d Cir. 2009). Defendants' brief discusses the elements of claim preclusion. (*See* ECF No. 9-2 at 8 (listing the elements required "for claim preclusion to apply").) However, Plaintiff's brief discusses issue preclusion, also referring to it as collateral estoppel. (*See* ECF No. 15 at 9-10 (discussing legal standard "for an issue to be collaterally estopped").) Although the term *res judicata* is "sometimes sweepingly used," *Simoni v. Luciani*, 872 F. Supp. 2d 382, 388 (D.N.J. 2012) (citation omitted), here, Defendants plainly and expressly pursue a theory of claim preclusion rather than issue preclusion. As such, the Court evaluates Defendants' arguments as one of claim preclusion.

time and expenses, the elimination of conflicts, confusion and uncertainty, and basic fairness." *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 105 F.4th 67, 73 (3d Cir. 2024) (quoting *Wadeer v. N.J. Mfrs. Ins. Co.*, 110 A.3d 19, 27-28 (N.J. 2015)) (citation modified). The party asserting the defense "must carry the burden of establishing all necessary elements." *Nicole-Kirstie, LLC v. N.J. Dep't of Env't Prot.*, No. A-2308-21, 2026 WL 144973, at *14 (N.J. Super. Ct. App. Div. Jan. 20, 2026) (citing *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008)).

"Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined." *McNeil v. Legis. Apportionment Comm'n of State*, 828 A.2d 840, 859 (N.J. 2003) (quoting *Watkins*, 591 A.2d at 599). Under New Jersey law,[5] claim preclusion requires a showing of three elements: "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Id.* (quoting *Watkins*, 591 A.2d at 599). This test should not be applied "mechanically," but rather courts should "focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." *Copeland v. U.S. Bank Cust PC5 Sterling Nat'l*, Civ. No. 20-7016,

---

[5] The Court applies New Jersey preclusion law because this Motion arises from the purportedly preclusive effect of a New Jersey administrative proceeding. *See Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 105 F.4th 67, 73 (3d Cir. 2024) ("Because we are considering the preclusive effect of a New Jersey state court order, New Jersey preclusion law applies."); *Begum v. Harrison*, Civ. No. 20-13321, 2021 WL 1748102, at *2 n.3 (D.N.J. May 3, 2021) (applying New Jersey preclusion principles because the allegedly preclusive judgment came from a New Jersey court) (citing *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997)). In any case, the doctrine of claim preclusion under federal common law is "not different in any material respect" from the doctrine under New Jersey law. *Radovich v. L.P. YA Global Investments, L.P.*, 570 F. App'x 203, 208 n.4 (3d Cir. 2014) (citing *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394-95 (3d Cir. 2013)).

2021 WL 2134942, at *8 (D.N.J. May 26, 2021) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010)).

Regarding the first element, Defendants contend that the wage referee's decision was "valid, final, and on the merits." (ECF No. 9-2 at 8 (citing *Vaccaro*, 2022 WL 1284721, at *2).) They argue that the wage referee acted in a judicial capacity and resolved factual issues litigated by the parties. (*Id.* at 8-9.) A hearing was held where Plaintiff appeared, presented evidence and made argument, resulting in an award in Plaintiff's favor that neither party appealed. (*Id.* at 9.) In response, Plaintiffs argue that the NJDOL is an "unequal jurisdiction" and thus no final hearing or decision on the merits occurred. (ECF No. 15 at 11-12.) Plaintiffs further argue that "because Defendants voluntarily agreed to pay [Plaintiff] for her unpaid sick time and overtime," claims which are not asserted here, and because Defendants "lost" at the hearing when the wage referee granted an award in Plaintiff's favor, there was no final adjudication of the merits or final judgment. (ECF No. 15 at 12-13.)

"[A]s a general rule, an adjudicative decision of an administrative agency should be accorded the same finality that is accorded the judgment of a court." *Stop & Shop Supermarket Co. v. Bd. of Adjustment of Twp. of Springfield*, 744 A.2d 1169, 1179 (N.J. 2000) (quoting *Bressman v. Gash*, 621 A.2d 476, 481 (N.J. 1993)) (citation modified). And "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *Sheeran v. Progressive Life Ins. Co.*, 440 A.2d 469, 476 (N.J. Super. Ct. App. Div. 1981) (quoting *United States v. Utah Constr. & Min. Co.*, 384 U.S. 394, 421-422 (1966)). Indeed, in *Vaccaro v. Unique Scaffolding Systems*, the district court found that a similar NJDOL hearing fully satisfied this first element because the wage referee "issued a valid and on-

the-merits judgment in favor of [the d]efendants after a full hearing," and no party appealed the decision, "making it final." 2022 WL 1284721, at *2. Here, like in *Vaccaro*, the record establishes that the wage referee took evidence and argument, offered cross-examination, and rendered a decision regarding Plaintiff's overtime and suspension pay wage claims.[6] (*See generally* ECF No. 15-3.) The parties did not appeal, which made the decision final. (ECF No. 19 ¶¶ 28-29; ECF No. 22 ¶¶ 28-29, 38; ECF No. 24 ¶ 38.) Therefore, the Court finds the first element of claim preclusion is satisfied.

The parties agree that the second element is satisfied as the parties are the same, (ECF No. 15 at 11 n.9), so the Court next considers the third element: whether Plaintiff's claims in this case grow out of the "same transaction or occurrence as" the claims in the NJDOL proceeding. *McNeil*, 828 A.2d at 859 (quoting *Watkins*, 591 A.2d at 599). Defendants argue that the claims Plaintiff brings in the Current Action "grow out of" Plaintiff's "wages and employment" at Salt Steakhouse, which were previously adjudicated in the NJDOL Action. (ECF No. 9-2 at 10-11.) Plaintiff contends that the NJDOL Action pertained solely to sick and overtime pay, which are "entirely separate from whether Defendants failed to pay her adequate minimum wages and/or tips." (ECF No. 15 at 12-13.) Plaintiff also argues that Plaintiff's FLSA claims arise from federal law and thus could not have been litigated as part of the NJDOL Action. (*Id.* at 6-7.)

[6] Plaintiffs contend that the hearing did not contain "procedural safeguards." (ECF No. 15-3 at 7-8.) However, the wage referee reminded Plaintiff that she had the right to be represented by an attorney and provided an opportunity to delay the proceeding so that Plaintiff could retain an attorney, which Plaintiff rejected. (*Id.* at 3-4.) "Plaintiff deliberately decided to proceed without counsel, and [her] decision does not negate the fact that the [NJDOL] gave [her] an adequate opportunity to litigate this matter." *Vaccaro v. Unique Scaffolding Systems*, Civ. No. 21-16657, 2022 WL 1284721, at *2 (D.N.J. Apr. 29, 2022). Further, the parties were reminded of their opportunity to appeal to the Superior Court for further adjudication and review, although neither party did. (ECF No. 15-3 at 3; *see also* ECF No. 9-7.)

The Court agrees with Defendants that Plaintiff's claims here arise out of the same transaction or occurrence as the claims Plaintiff asserted in the NJDOL Action. New Jersey's test for determining the "sameness of two causes of action" considers: "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first); and (4) whether the material facts alleged are the same." *Bondi v. Citigroup, Inc.*, 32 A.3d 1158, 1187-88 (N.J. Super. Ct. App. Div. 2011) (quoting *Culver v. Ins. Co. of N. Am.*, 559 A.2d 400, 405 (N.J. 1989)). "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

First, Plaintiff seeks to remedy the single wrong of her unpaid wages through monetary damages. While Plaintiff contends that the NJDOL Action was limited to overtime and suspension pay, the complained of acts are the same in both actions in that they involve Defendants' alleged failure to properly apply tip credits to Plaintiff's wages. Indeed, Plaintiff's unpaid tip claim was, at one point, part of the NJDOL Action, and Plaintiff concedes that she was able to and nearly did adjudicate her minimum wage claim at the NJDOL proceeding but then "withdrew any claim for minimum wage and tips." (ECF No. 15 at 1, 3; ECF No. 15-2 ¶ 8.) Res judicata applies not only to matters that were litigated, but to all claims that could have been brought. *Watkins*, 591 A.2d at 599; *cf. Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002) ("[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes."); *Wang v. Prudential Ins. Co. of Am.*, 439 F.

App'x 359, 365 (5th Cir. 2011) (finding new compensation claim was part of the same claim or cause of action because it was "clearly based on the same facts that gave rise to [earlier actions]—specifically, [the defendant's] failure to compensate her according to the law during her employment").

Second, Plaintiff's theory of recovery is the same in both actions—namely the New Jersey Wage Laws. The Court is unpersuaded by Plaintiff's argument that her FLSA claims should not be precluded because the NJDOL lacks jurisdiction to hear such claims. Like the FLSA, the New Jersey Wage Laws "address the most fundamental terms of the employment relationship." *Hargrove v. Sleepy's LLC*, 106 A.3d 449, 463 (N.J. 2015). The NJWPL is "designed to protect an employee's wages and to assure timely and predictable payment," and the NJWHL is "designed to protect employees from unfair wages and excessive hours." *Id.* (citations omitted). Together, the New Jersey Wage Laws would provide an adequate remedy for Plaintiff's claims in the NJDOL Action, similar to the FLSA. *Id.* (recognizing that between the FLSA, NJWPL and NJWHL, "[s]tatutes addressing similar concerns should resolve similar issues"). Also, this is not a scenario where Plaintiff is seeking to bring a discrimination or wrongful termination claim following a wage hearing before the NJDOL. *See Bondi*, 32 A.3d at 1188 (finding res judicata did not apply where the defendant failed to show that the tribunal would have had the authority to hear the plaintiff's tort claims as part of the insolvency proceedings); Restatement (Second) of Judgments §§ 24 & 26(c) (stating that claim preclusion does not apply where a plaintiff is unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts). Plaintiff could have brought her remaining wage claims in the NJDOL Action, and she had a "fair and reasonable opportunity" to

do so. *Bondi*, 32 A.3d at 1188 (quoting *Cafferata v. Peyser*, 597 A.2d 1101, 1104 (N.J. Super. Ct. App. Div. 1991)).

Last, the underlying fact inquiries in both proceedings would be virtually the same. Indeed, both actions involve the calculation of Plaintiff's wages while employed at Salt Steakhouse. Plaintiff, Mizrahi, as well as the store manager were all present at the NJDOL hearing to provide testimony, and Plaintiff brought pay stubs, emails, and work schedules to present as evidence at the hearing. (ECF No. 15-3 at 7:12-8:21, 15:16-12, 29:21-32:16, 42:9-16, 48:5-20.) There is no indication that the evidence needed to maintain this action would not have been sufficient to support Plaintiff's action before the NJDOL, and the material facts—the dates of her employment and hours worked—are the same in both actions. Thus, the Court finds that all factors weigh in favor of a finding that Plaintiff's claims here arise out of the same transaction or occurrence that was before the NJDOL.

Having satisfied all of the elements of claim preclusion, Plaintiff's claims in this action are barred by res judicata.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion (ECF No. 9) is **GRANTED**. An appropriate Order follows.

Dated: August 31, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE